**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**J. Mark Coulson**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
P:(410) 962-4953 — F:(410) 962-2985

July 14, 2026

LETTER MEMORANDUM OPINION AND ORDER TO ALL COUNSEL OF RECORD

RE:     *Sharon S. v. Frank Bisignano, Social Security Administration*
        Civil No. 1:25-cv-03464-JMC

Dear Counsel:

Sharon Smith ("Plaintiff") petitioned this Court on October 21, 2025, to review the Social Security Administration's ("SSA" or "Defendant") final decision denying her claim for disability insurance benefits ("DIB"). (ECF No. 1). The Court has considered the record in the case as well as the parties' dispositive filings. (ECF Nos. 13, 15, 16). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). The Court must uphold an agency decision if the decision is supported by substantial evidence and was reached through application of the proper legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will <u>remand</u> ALJ's and Appeals Council's determinations for the reasons explained below.

## I.     Procedural Background

Plaintiff filed her application for DIB July 24, 2020, alleging that she became disabled on January 1, 2019 (Tr. 411-421).[1] The SSA initially denied Plaintiff's application on January 26, 2021 and upon reconsideration on May 25, 2021. *Id.* at 150-53; 157-162. On July 7, 2021, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 163-65. On July 18, 2024, ALJ Donald Neely held a telephonic hearing. *See id.* at 7-26. On July 26, 2024, the ALJ rendered a decision denying Plaintiff's claim. *Id.* Plaintiff filed a request for review on August 29, 2024, and on August 28, 2025, the ALJ's decision became final when the Appeals Council affirmed it. *Id.* at 405; 1-6.

## II.     The ALJ's and Appeals Council's Decisions

In arriving at the decision to deny Plaintiff's claims, the ALJ followed the five-step

---

[1] When the Court cites to "Tr.," it is citing to the official transcript (ECF No. 8) filed in this case. When citing to specific page numbers within the official transcript, the Court is referring to the page numbers provided in the lower right corner of the official transcript pages.

sequential evaluation of disability set forth in the Secretary's regulations. 20 C.F.R. § 416.920. "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination, the ALJ must then assess the claimant's RFC, "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work[,]" by considering all of the claimant's medically determinable impairments regardless of severity. *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden of proof through the first four steps of the sequential evaluation. If the claimant makes the requisite showing, the burden shifts to the SSA at step five to prove "that the claimant can perform other work that exists in significant numbers in the national economy, considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

At step one in this case, the ALJ and Appeals Council found that Plaintiff had not engaged in substantial gainful activity "since July 24, 2020, the application date." (Tr. 12). At step two, the determined that Plaintiff suffered from the following severe impairments: "obesity." *Id.*

At step three, the ALJ and Appeals Council determined that Plaintiff's impairments or combination of impairments do not meet or equal one of the listed impairments in the regulations. *Id.* at 15; 20 CFR §§ 404(p), Appendix I (20 CFR §§ 404.1520(d), 404.1525, 404.1525, 404.1526, 416.925, 416.926).

*Id.* Finding that Plaintiff had not proved that one or more of the above-mentioned severe impairments met or equaled one of the listed impairments in the SSA regulations, the ALJ determined Plaintiff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 416.967(c).

*Id.* at 15. The ALJ found that the Plaintiff did not have any past relevant work. *Id.* at 18. Finally, given Plaintiff's RFC, age, education, and work experience, the ALJ determined that there exist jobs in significant numbers in the national economy that the Plaintiff can perform. *Id.* at 19. Thus, the ALJ determined that the Plaintiff had not been under disability since the date Plaintiff filed her application. *Id.*

### III.    Legal Standard

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through an application of correct legal standards. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, . . . [which] consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* (other citation

and internal quotations omitted).  In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005).  Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## IV.    Analysis

Plaintiff argues on appeal that the ALJ's decision warrants remand because the ALJ failed to assess and document Plaintiff's exertional capacity under SSRs 96-8p and 96-9p at the fifth step in the sequential process.  (ECF No. 13 at 6).  For the reasons that follow, the Court agrees.  As such, I will remand the case.

"An RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a 'regular and continuing basis.'" *Rodney M. v. Kijakazi*, No. CV 23-0947-CDA, 2024 WL 1097192, at *3 (D. Md. Mar. 13, 2024) (quoting 20 C.F.R. § 416.945(b)–(c)).  The ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work" in determining a claimant's RFC. *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)).  "An ALJ's RFC assessment must include an evaluation of the claimant's ability to perform the physical functions listed in 20 C.F.R. § 404.1545(b), including sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions . . . [that] may reduce [a claimant's] ability to do past work and other work." *Rodney M.*, 2024 WL 1097192, at *3 (internal citation omitted).  As previously explained by the Fourth Circuit, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (quoting *Thomas*, 916 F.3d at 311).  Thus, "A proper RFC analysis proceeds in the following order: (1) evidence, logical explanation, and conclusion." *Id.* at 388 (cleaned up).  The Fourth Circuit has rejected "a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis," though, and has explained that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 636; *see also Monroe*, 826 F.3d at 188.  A "necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling, including a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Monroe*, 826 F.3d at 189 (citing *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)); *see also Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) ("In other words, the ALJ must *both* identify evidence that supports his conclusion *and* build an accurate and logical bridge from [that] evidence to his conclusion.") (internal quotation omitted) (emphasis in original).

A "logical bridge" connecting the evidence and conclusion is "shorthand" for "the most minimal of articulation requirements. *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024). Even when an ALJ does not assess exertional capabilities on an explicit function-by-function basis, there is no per se rule requiring remand when an ALJ does not perform such an analysis. *Mascio*,

780 F.3d at 636.  Indeed, "the driving consideration is whether the ALJ's analysis allows for meaningful judicial review," *Lail v. Kijakazi*, No. 21-2133, 2022 WL 1711809, at *1 (4th Cir. May 27, 2022). "Thus . . . remand is appropriate only where 'inadequacies in the ALJ's analysis frustrate meaningful review,' such as when an ALJ fails to assess a claimant's capacity to perform relevant functions or does not resolve material disputes in the record." *Delesline-Meggett v. Comm'r of Soc. Sec.*, No. 21-1859, 2023 WL 8230802, at *1 (4th Cir. Nov. 28, 2023).

SSR 98-6p requires the ALJ "first identify the individual's functional limitations or restrictions and assess her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of [20 CFR §§ 404.1545, 416.945]." SSR 98-6p, 1996 WL 374184, at *1 (emphasis added).  This Court has recognized that simply recounting a plaintiff's impairments and stating an RFC misses the importance of determining whether the plaintiff can perform the work functions that inform what the RFC will be.  *Carmen F. v. Bisignano*, Civil No. AAQ-25-0001, 2026 WL 772056, at *5 (D. Md. Mar. 19, 2026).  This Court has repeatedly held that an ALJ must conduct a function-by-function assessment of work-related functions when determining an RFC, and that failure to do so may constitute grounds for remand. *See Henderson v. Kijakazi*, No. AAQ-20-3346, 2022 WL 1555408 (D. Md. May 17, 2022) (remanding where the ALJ cited to the regulation outlining functions, but did not perform a function-by-function analysis); *Nicole C. v. Kijakazi*, No. 1:22-cv-02123-JMC, 2023 WL 4027481 (D. Md. June 15, 2023) (remanding because the ALJ failed to properly perform a function-by-function analysis to guide the RFC determination); *Jennifer W. v. Kijakazi*, No. 1:22-cv-01177, 2023 WL 2245635 (D. Md. Feb. 27, 2023) (remanding where the ALJ evaluated plaintiff's symptoms but failed to conduct a function-by-function analysis); *Kenneth L. v. Bisignano*, No. 24-2627-DRM, 2025 WL 2781547 (D. Md. Sept. 29, 2025) (remanding where ALJ failed to perform a function-by-function analysis and the Court was unable to discern the ALJ's rationale in limiting the plaintiff to light work). When an ALJ does not perform a function-by-function analysis of the plaintiff's work-related functions, but the decision accounts for all functions relevant to the case, remand may not be warranted. *Sheena W. v. Kijakazi*, Civil No. 22-2377-BAH, 2023 WL 4456908, at *3 (D. Md. Jul. 11, 2023) (concluding that an ALJ's RFC was sufficient when the ALJ considered but rejected medical opinions that expressly contemplated the work-related activities).

Here, the ALJ determined that Plaintiff had severe obesity, yet retained the RFC to perform "the full range of medium work as defined in 20 CFR 416.967(c)" (Tr. 12, 15).  Under 20 CFR 416.967(c), a claimant must be able to perform exertional work, such as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c).  Plaintiff notes that "[i]n most medium jobs, being on one's feet for most of the workday is critical. Being able to do frequent lifting or carrying of objects weighing up to 25 pounds is often more critical than being able to lift up to 50 pounds at a time."  *See* Titles II & XVI: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2, SSR 83-10, at *6 (S.S.A. 1983).  Plaintiff is also correct that SSR 19-2p describes exertional and postural limits that can arise from severe obesity, such as while sitting, standing, walking, lifting, carrying, pushing, and pulling."  Titles II & XVI: Evaluating Cases Involving Obesity, SSR 19-2P, at *4 (S.S.A. May 20, 2019).

Here, the ALJ makes rare reference to any of Plaintiff's exertional functions, even by way of discussion of the medical records.  For example, despite finding that Plaintiff has pain and

4

decreased physical movement due to her obesity such that a reduction in an exertional capacity is proper, the ALJ fails to explain how a medium work limitation addresses standing, walking, sitting, pushing, or pulling at all.  Nor do the referenced medical opinions or other summary review of the medical evidence. The Court agrees with Plaintiff that the RFC limitation to "the full range of medium work" would require greater explanation. *E.g.*, *Henderson v. Kijakazi*, Civil No. AAQ-20-3346, 2022 WL 1555408, at *3 (D. Md. May 17, 2022) (reasoning that the "mere citation to the regulation outlining functions is not the same as evaluating those functions in correspondence with Plaintiff's limitations").   Although the Commissioner cites to several statements the Commissioner avers support an ultimate finding of a limitation to medium work, the Court is unpersuaded that any such statements permit meaningful judicial review.  The ALJ's analysis here is simply too conclusory and fails to properly consider the cited exertional requirements in any meaningful way.

Therefore, I will reverse the case for further proceedings consistent with the standards set forth in this Opinion. This Opinion has no bearing on whether the ultimate conclusion at Step Five is correct.

### V.    Conclusion

In sum, the Court agrees with Plaintiff that the ALJ and subsequently the Appeals Council improperly considered Plaintiff's exertional capabilities.  In other words, the ALJ's and Appeals Council's RFC determination for Plaintiff is not supported by substantial evidence for the reasons explained above.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to an analysis at Step three, and the decision of the SSA is REMANDED for further proceedings in accordance with this Letter Order and Opinion.  In so holding, the Court expresses no opinion as to the validity of the ALJ's and Appeals Council's ultimate disability determination.  The Clerk of the Court is accordingly asked to CLOSE this case.

Despite the informal nature of this letter, it is an Order and Opinion of the Court, and the Clerk is directed to docket it as such.

Sincerely yours,

_____/s/_____

J. Mark Coulson
United States Magistrate Judge